IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MILLENNIUM PHARMACEUTICALS, et al., | : : : | CIVIL ACTION |
| v. | : : : : | Nos. 09-cv-105<br>     09-cv-204<br>     10-cv-137 |
| TEVA PARENTERAL MEDICINES, INC., et al., | : : | |

SCHEDULING ORDER

AND NOW, to wit, this   3rd   day of June, 2010, IT IS ORDERED as follows:

1. All motions to amend pleadings shall be filed by August 1, 2010;

2. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by January 25, 2011;

3. All trial exhibits shall be marked and exchanged on or before July 6, 2011;

4. Expert reports on issues for which the parties have the burden of proof shall be served by February 15, 2011;

5. Rebuttal to expert reports shall be served by March 15, 2011;

6. Reply to expert reports shall be served by April 15, 2011;

7. All expert discovery is to be completed by May 1, 2011;

8. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

ALL MOTIONS FOR SUMMARY JUDGMENT ARE DUE BY June 15, 2011 ;

a) Joint Pretrial Memo due on or before  August 30, 2011;

9. Settlement conference   tbd  .

10. The case will be placed in the Court's trial pool on October 15, 2011                 .

11. Plaintiffs may collectively serve up to thirty (30) interrogatories in total.  Likewise, Defendants may collectively serve up to thirty (30) interrogatories in total.  The parties may exceed these limitations by agreement or with prior leave of the Court.

12. Plaintiffs may collectively take up to twenty (20) depositions.  Likewise, Defendants may collectively take up to twenty (20) depositions.  The depositions are subject to the duration limits set forth in Federal Rule of Civil Procedure 30(d).

13. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or, (c) the adequacy of the qualifications of an expert witness expected to testify; shall set forth separately each such objection in their Pretrial Memorandum.  Such objection shall describe with particularity the ground and the authority for the objection;

14. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior</u> <u>to</u> <u>trial</u> for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

15. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

16. The parties hall meet to prepare a complete and comprehensive stipulation of uncontested facts; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 17614) at least three days before the case appears on the trial list.  The original shall be filed with the Clerk of the Court;

17. At least three days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 17614) two (2) copies of proposed voir dire questions, proposed

jury instructions with citations of authority for each point (ONE POINT PER PAGE), proposed jury interrogatories, and a trial memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court;

       13. At the commencement of trial, the Court should be supplied with one (1) copy of each exhibit, and two (2) copies of a schedule of exhibits which shall briefly describe each exhibit.

       14. Unexcused violations of scheduling orders are subject to sanctions under Fed. R. Civ. P. 16(f), upon motion or the initiative of the Court.

       15. Letters or written communications (which are discouraged) shall be directed to the Court and not to law clerks or to the deputy clerk.  Telephone calls to law clerks are discouraged.  Law clerks are not permitted to render advice to counsel and have no authority to grant continuances or to speak on behalf of the Court.  All scheduling matters should be discussed with Angela J. Mickie, Deputy Clerk, (267-299-7419).

       BY THE COURT:

       s/J. Curtis Joyner
       J. Curtis Joyner, J.